UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

QUARTER HOUSE OWNER                              CIVIL ACTION
ASSOCIATION, ET AL

VERSUS                                           No. 06-8976

UNITED FIRE AND CASUALTY                         SECTION "C" (4)
COMPANY, ET AL

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiffs, Quarter House Owner Association, et al ("Quarter House") (Rec. Doc. 4). Defendants, United Fire & Casualty Company ("United Fire") and Lafayette Insurance Company ("Lafayette") oppose the motion, alleging fraudulent joinder of the non-diverse defendants and jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the Motion to Remand is **GRANTED**.

I. BACKGROUND

Quarter House owns a series of properties principally located at 129 Chartres Street, New Orleans, Louisiana. On August 29, 2005, this property allegedly sustained severe damage during the windstorm of Hurricane Katrina. The extensive damage to the building rendered the property unable to be occupied and necessitated massive repairs. Plaintiff claims that at that time it was

insured by United Fire and Lafayette with an insurance policy procured and purchased through Emery & James, Ltd. ("Emery"). Plaintiff also asserts that Property Loss Consulting ("Property Loss") assessed Plaintiff's damage far below the actual damages sustained.

Sometime after August 29, 2005, Quarter House allegedly made a claim to Defendants on its insurance policy for the damage sustained during the windstorm. Quarter House alleges that Defendants have failed to pay the amounts due to Plaintiff under the insurance policy. As a result, Quarter house filed a Petition for Damages in the Civil District Court in Orleans Parish, State of Louisiana. On October 24, 2006, United Fire and Lafayette, removed this case without the consent of its co-defendants, Emery and Property Loss, claiming that this Court properly had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1369, and 1441. Accordingly, United Fire and Lafayette claim that Emery and Property Loss were fraudulently joined so as to defeat removal. Quarter House disagrees and filed this motion to remand asserting that this court lacks subject matter jurisdiction. Specifically, Quarter House claims that Emery and Property Loss, Louisiana residents, were not fraudulently joined to the action and thus this Court does not have diversity jurisdiction. Furthermore, Quarter House claims that this Court does not have jurisdiction under the MMTJA.

**II. ANALYSIS**

**A. FRAUDULENT JOINDER**

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332

(2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B.,*

*Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood*, 352 F.3d at 222.

In its Notice of Removal (Rec. Doc. 1), United Fire and Lafayette claim that Quarter House does not have any claims against Emery or Property Loss for which relief can be granted. Additionally, they assert that Emery or Property Loss did not owe a duty to Quarter House to do any of the acts which Quarter House claim they were negligent in not doing.

United Fire and Lafayette assert that Emery and Property Loss are improperly joined because Quarter House failed to state a claim against them for which relief can be granted. Defendants argue that in Plaintiff's state court petition, Quarter House merely alleges in a "conclusory fashion" that Emery knew or should have known what coverage was adequate to protect Plaintiff's buildings. United Fire and Lafayette assert that Quarter House's petition does not allege that Plaintiff requested certain coverage and that Emery failed to procure what was requested. Defendants do recognize that Louisiana law holds that an insurance agent may be liable for losses resulting from failure to use due diligence to procure the insurance that the claimant requested. However, Defendants claim that Quarter House's petition makes no mention that any particular coverage was requested.

Quarter House, on the other hand, disagrees. It claims that Emery held themselves out as an

insurance agency and despite Emery's assurances and representations, the insurance coverage was inadequate and insufficient to cover damages (Rec. Doc. 4). Specifically, Quarter House alleges that it relied on Emery to provide advice, and to act as their agent in "procuring necessary insurance coverage for the property that was adequate to fully protect the building" (Rec. Doc. 1 Attach. 1).

Under Louisiana law, an insurance agent has a general duty to use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La.1973). If the agent's actions warrant the client's assumption that he has the desired insurance coverage the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id*. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreement between the agent and his client. *Id.* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La.Ct.App.06/26/02)). On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. *Dooley v. Wright*, 501 So.2d 980, 985 (La.App. 2 Cir.1987), *writ denied*, 512 So.2d 442 (La.1987).

Quarter House alleges that Emery is liable because it failed to procure adequate insurance coverage for the building and did not advise Plaintiff of the inadequacy of their coverage (Rec. Doc. 1 Attach. 1). Although the state court petition does not allege that Quarter House requested a certain coverage, the allegations included therein imply that Emery had taken a duty to ensure that they were insured for all risks. Specifically, Quarter House alleges it retained Emery to

5

procure insurance "that was adequate to fully protect the building" (Rec. Doc. 1 Attach. 1).

Furthermore, the allegations in the state court petition also imply that Emery assumed a duty greater than that of an agent to procure the coverage requested. Quarter House asserts that Emery is liable because it failed to advise Quarter House of the inadequacy of their coverage. A deeper factual inquiry may reveal that Emery had assumed this greater duty. *See Three X v. Lexington*, 2006 WL 3142276 (E.D.La.2006) (court held plaintiff may have a possibility of recovery under state law against party whose joinder was questioned). Quarter House asserts that a "deeper factual inquiry" is necessary before Emery may be relieved of any liability to Quarter House, therefore removal is improper at this stage of litigation. Accordingly, this Court agrees with Quarter House and finds that the joinder of Emery is not fraudulent in law or in fact.

Quarter House alleges that Property Loss is an in-state defendant that undertook a duty to accurately adjust the claim that Quarter House filed as a result of Hurricane Katrina, and that Property Loss breached this duty by grossly devaluing these claims. Quarter House asserts that Louisiana Law provides relief for bath faith claims adjusting, which they claim Property Loss, United Fire and Lafayette have all jointly engaged. However, United Fire and Lafayette assert that Property Loss Consulting, Inc. is a foreign corporation organized under the laws of Delaware with its principal place of business in Dallas, Texas (Rec. Doc. 7). While Property Loss Consultants, LLC and Structures, LLC are alleged to be Louisiana Companies, Defendants claim they are not related to Property Loss Consulting and have no involvement in this dispute. Nevertheless, this Court holds that the non-diverse defendant, Emery, is properly joined. Therefore, the issue of whether Property Loss Consultants, LLC is a Louisiana company that is involved in this dispute is not relevant to this motion.

**B. Jurisdicion under the Multiparty, Multiforum Trial Jurisdicion Act (MMTJA)**

This Court has previously held that the MMTJA is not applicable in cases such as this. Hurricane Katrina itself was not an "accident" within the terms of § 1369. See, *Fidelity Homestead Ass'n*, 2006 WL 2873562; *Southern Athletic Club, LLC*, 2006 WL 2583406, *6; *Berry v. Allstate Ins. Co.*, 2006 WL 2710588, *3 (E.D.La. 2006) (J. Zainey); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013, *3 (E.D.La. 2006) (J. Lemelle); *Southall v. St. Paul Travelers Ins. Co. et. al.*, 2006 WL 2385365, *5 (E.D.La. 2006) (J. Barbier). Therefore, Defendants cannot rely on the MMTJA for federal question subject matter jurisdiction.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Quarter House's Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana this 24th day of January, 2007.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE